UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC KELLEY,

          Plaintiff,

          v.

NORTHERN STATE PRISON, et al.,

          Defendants.

Civil No. 13-3749 (WJM)

**MEMORANDUM OPINION**

**MARTINI, District Judge**:

    1. Eric Kelley, a New Jersey sentenced prisoner confined at Northern State Prison in New Jersey, submitted to the Clerk for filing a *pro se* Complaint with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Kelly did not prepay the $400 filing and administrative fees for this case.

    2. In the Complaint, Kelley claims that Northern State Prison, the New Jersey Department of Corrections, Barry Alston (Chaplain at Northern State Prison), Paul Lagana (Administrator of the facility), and John and Jane Does deprived him of his right to practice the Jewish faith, contrary to 42 U.S.C. § 1983. He asserts that in January 2013, he asked Defendant Alston for permission to participate in the inmate program for Jews. Kelley alleges that he made several subsequent requests to Alston and prison officials, but on March 25, 2013, his requests were denied. He seeks declaratory and injunctive relief under 42 U.S.C. § 1983.

    3. The *In Forma Pauperis* statute, 28 U.S.C. § 1915, allows "'[a] prisoner seeking to bring a civil action or [to] appeal a judgment in a civil action' to proceed 'without prepayment of fees or security therefor,' if she can demonstrate that she is unable to pay such fees." *Ball v.*

*Famiglio,* 726 F.3d 448, 451-52 (3d Cir. 2013) (quoting 28 U.S.C. § 1915(a)(2)).  However, the statute prohibits a prisoner from bringing a civil action or an appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). Where a prisoner has three prior qualifying dismissals under § 1915(g), the prisoner is required to prepay the filing fee before bringing another action or appeal, unless he or she shows "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Thus, "§ 1915(g) does not block a prisoner's access to the federal courts.   It only denies the prisoner the privilege of filing before he has acquired the necessary filing fee."  *Ball*, 726 F.3d at 452 (quoting *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001) (en banc)).

    4.  As of the date Kelley signed his affidavit of poverty in this case, Kelley has had three prior civil actions dismissed by this Court, while he was incarcerated, on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, within the meaning of § 1915(g).  First, *Kelley v. Passaic County Jail,* Civ. No. 94-3528 (DRD) order (D.N.J. Sept. 16, 1996), counts as a strike under § 1915(g) because Kelley was incarcerated when he was granted permission to proceed *in forma pauperis,* the Court dismissed the complaint by granting defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6), and Kelley did not appeal. Second, *Kelley v. Puma,* Civ. No. 94-5731 (WGB) order (D.N.J. Nov. 28, 1994), counts as a strike because Kelley was incarcerated when he was granted permission to proceed *in forma pauperis,* the Court dismissed the complaint with prejudice as frivolous, and Kelley did not appeal.  Third,

*Kelley v. Talarico,* Civ. No. 94-5733 (WGB) order (D.N.J. Nov. 28, 1994), counts as a strike because Kelley was incarcerated when he was granted permission to proceed *in forma pauperis,* the Court dismissed the complaint with prejudice as frivolous, and Kelley did not appeal.

5. The facts asserted in the instant Complaint, which concern the alleged denial of Kelley's constitutional right to practice the Jewish religion, do not suggest that Kelley is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ball,* 726 F.3d at 467-70; *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001).

6. Based on the foregoing, this Court will deny Kelley's application to proceed *in forma pauperis* and administratively terminate this matter.

7. If Kelley prepays the filing and administrative fee totaling $400 within 30 days of the date of the entry of this Order, then this Court will reopen the case and screen the Complaint for dismissal, as required by 28 U.S.C. § 1915A.

8. An appropriate Order accompanies this Memorandum Opinion.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: April 9, 2014